UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON DIVISION
CRIMINAL CASE NO. 05-18-DCR

Eastern District of Kentucky
FILED
APR 2 8 2005
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

UNITED STATES OF AMERICA            PLAINTIFF

VS.      **MEMORANDUM OPINION AND ORDER**

ROGER DEAN FELTNER,            DEFENDANT

\*\*\*\*\*\*\*

    This matter is before the Court upon the "Motion for Franks Hearing" (DE#12) and "Supplemental Motion for Franks Hearing" (DE#17) by the defendant Roger Dean Feltner, through counsel. The government has responded (DE#15, 18). The undersigned Magistrate Judge has carefully considered the record and orders as follows:

    To make the preliminary showing necessary to obtain a <u>Franks</u> hearing, a defendant must 1) show why specific statements in the supporting affidavit are false, 2) assert that such statements were made with deliberate falsity or reckless disregard for the truth, and 3) make an offer of proof in support. <u>Franks v. Delaware</u>, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978). Mere "[a]llegations of negligence or innocent mistake are insufficient." <u>Id</u>. at 2684. If a defendant satisfies these requirements, the remaining question is whether the affidavit, without the inaccurate statements, still provides the requisite probable cause to sustain the warrant. <u>Id.</u> at 2684; see also, <u>United States v. Bennett</u>, 905 F.2d 931, 934 (6th Cir. 1990); <u>United States v. Campbell</u>, 878 F.2d 170, 171-72 (6th Cir. 1989), *cert. denied*, 493 U.S. 894 (1989); <u>United States v. Barone</u>, 584 F.2d 118 (6th Cir. 1978), *cert. denied*, 439 U.S. 1115 (1979).

    The present defendant's supplemental motion alleges that:

> "The affidavit can only be read as stating that defendant resides at a particular residence on Lost Creek Road and that affiant found a caged racoon and remains of other dead animals at that residence. The actual facts were that defendant resided at a particular residence on Lost Creek Road

1

and affiant found a caged racoon and remains of other dead animals at someone else's residence on Feltner Road....there is nothing whatsoever in the affidavit connecting defendant to the racoon, to the animal remains or the location where either was found." DE#17, p. 2-3.

With respect to the required "offer of proof in support", the defendant subpoenaed seven witnesses for the hearing initially set for April 26, 2005. While the record does not reflect the anticipated content of their testimony, the defendant does appear to have made an "offer" of proof.

As to whether the affidavit, without the inaccurate statements, provides the requisite probable cause to sustain the warrant, the United States concedes that the affidavit is facially insufficient and that the listed address for the search warrant is not the same address where the conduct stated in the affidavit occurred. See DE#18, p. 1-2. However, the United States indicates that Officer Bersaglia, under oath, orally supplemented the affidavit before the issuing judge, Special Judge J. Caudill, to the effect that he had personally gone to the Feltner Road residence and located the caged racoon and carcasses there. He also informed the issuing judge that an individual there had informed him that the racoon belonged to defendant Roger Feltner, that Feltner had recently killed deer, and that there were firearms at defendant's residence at Lost Cabin Road.

Although the United States correctly asserts that "courts have found it objectively reasonable for law enforcement officers to believe that a flaw in a warrant application could be cured by responding under oath to questions by the judicial officer", citing United States v. Shields, 978 F.2d 943 (6th Cir. 1992), the present defendant has at least made the required preliminary showing to be afforded a Franks hearing. Accordingly,

It is **ORDERED** that the "Motion for Franks Hearing" (DE#12) and "Supplemental Motion for Franks Hearing" (DE#17) by the defendant Roger Dean Feltner, is **GRANTED**; a *Franks* hearing will be held on Thursday, April 28, 2005 at 9:30 a.m., Courtroom C, at the United States Courthouse in London, Kentucky.

This the 28th day of April, 2005.



Signed By:
J. B. Johnson, Jr.
United States Magistrate Judge